Eastern District of Kentucky
FILED
SEP 15 2025
AT LEXINGTON
Robert R. Carr
CLERK U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

**CRIMINAL ACTION NO. 5:25-CR-00088-KKC**

UNITED STATES OF AMERICA                                   PLAINTIFF

V.                          **PLEA AGREEMENT**

BRUCE DALE McCREADIE                                       DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to the sole count of the Indictment, charging a violation of 8 U.S.C. § 1326(a) and (b)(1), Illegal Re-entry After Prior Deportation or Removal.

2. The essential elements of the offense are:

    (a) The Defendant was an alien, that is, a person who is not a natural-born or naturalized citizen of the United States;

    (b) The Defendant had previously been deported or removed from the United States;

    (c) The Defendant knowingly re-entered the United States; and

    (d) The Defendant did not have the consent of the Attorney General or the Secretary of the Department of Homeland Security for the United States to re-apply for admission into the United States.

3. As to the Indictment, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

(a) The Defendant is a native and citizen of Canada. The Defendant was previously removed from the United States on at least four prior occasions for illegal entry including, (1) on or about April 24, 1992, the Defendant was ordered removed to Canada and was removed to Canada on May 27, 1992, via the airport in Dallas, TX; (2) on January 8, 1018, the Defendant was encountered by ICE ERO in Kentucky and was removed to Canada on March 8, 2018, via Detroit, MI; (3) on April 20, 2020, the Defendant was encountered by ICE ERO in Louisville, KY and removed on December 9, 2021; on Flight AA111 from Dalla, TX; and (4) on April 26, 2022, the Defendant was encountered by ICE ERO in Louisville, KY and was served an I-871 Notice of Intent/Decision to Reinstate a Prior Order of Removal, and was removed to Canada on October 13, 2023, via Peace Bridge, NY.   U

(b) On or about April 9, 2025, the Defendant was found in the Jessamine County Detention Center, in the Eastern District of Kentucky, after an arrest for traffic violations.

(c) A review of the Defendant's alien file shows no record of his having filed a Form I-212, which is the required form for permission to re-apply for admission into the United States after having been deported or removed. Therefore, the Defendant did not obtain the consent of the Attorney General of the United States or his successor, the Secretary of the Department of Homeland Security, to re-apply for admission into the United States.

4. The statutory punishment is imprisonment for not more than 10 years, a fine of not more than $250,000 and a term of supervised release of not more than 3 years. A mandatory special assessment of $100 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the sentencing hearing.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

    (a) The United States Sentencing Guidelines (U.S.S.G.) November 1, 2024, will apply to determine the Defendant's guideline range.

    (b) Pursuant to U.S.S.G. § 2L1.2(a), the base offense level is 8.

    (c) Pursuant to U.S.S.G. § 2L1.2(b)(1)(A), increase the base offense by

4 levels because the Defendant has a prior felony offense for an illegal reentry offense.

(d) Pursuant to U.S.S.G. § 3E1.1(a), decrease the offense level by 3 levels for the Defendant's acceptance of responsibility.

(e) There is no restitution owed, property to forfeit, or victims in this case.

6. The parties agree to disagree to the application of an increase in the base offense by 8 levels pursuant to U.S.S.G. § 2L1.2(b)(3)(B), as opposed to a 4 level increase pursuant to 2L.2(b)(3)(D) because after the Defendant was ordered deported or removed from the United States the first time, the Defendant engaged in criminal conduct that resulted in a convicted for a felony offense.

7. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

8. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

9. The Defendant waives the right to appeal the guilty plea, conviction, ~~and sentence.~~ and up to and Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

10. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete and sign a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse,

3

nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. The Defendant will not encumber, transfer, or dispose of any monies, property, or assets under the Defendant's custody or control without written approval from the United States Attorney's Office. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

11. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and The Defendant to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant authorizes the United States to obtain the Defendant's credit reports at any time.

The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court.

12. The Defendant recognizes that pleading guilty may have consequences with respect to his immigration status. Under federal law, a broad range of crimes are removable offenses, including the offense to which the Defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. The Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

13. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

14. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

15. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

16. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this

Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

                                        PAUL C. McCAFFREY  
                                        ACTING UNITED STATES ATTORNEY

Date: _____9/12/25_____     By: _____  
                                              Ronald L. Walker Jr.  
                                              Assistant United States Attorney

Date: _9/15/25_                   _____  
                                              Bruce Dale McCreadie  
                                              Defendant

Date: _9/15/25_                   _____  
                                              Erica Roland  
                                              Attorney for Defendant